UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| DWAYNE ASHBY GIFFIN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 11-146-ART |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION &** |
| JANICE RUNYONS and LIBERTY ) | **ORDER** |
| MUTUAL GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

How can a defendant get from state to federal court? The U.S. District Court is just a four-minute walk from the Pike Circuit Court in Pikeville, Kentucky. But *removing* a state case to federal court is considerably more demanding. Congress has limited federal courts' jurisdiction by requiring diversity cases to have an amount in controversy in excess of $75,000, 28 U.S.C. § 1332(a), and this Court has a *sua sponte* obligation to determine whether jurisdiction is proper. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). The removing party bears the burden of showing by a preponderance of the evidence that the case meets the amount-in-controversy requirement. Here, Defendant Liberty Mutual Group, Inc. has not shown it is more likely than not that the amount in controversy is greater than $75,000. This Court therefore lacks jurisdiction and must remand the case.

## BACKGROUND

On August 19, 2011, Dwayne Giffin, a West Virginia citizen, sued Liberty Mutual, an Ohio corporation, and Janice Runyons, a Kentucky citizen, in state court. Compl., R. 1-1.

Giffin alleged that Runyons asked him to help her with a loose shingle on her roof. Giffin agreed and climbed the roof, but lost his footing and fell onto Runyons's automobile. Giffin claims that he suffered "irreparable and permanent damage to his arm, neck, back, head, and other parts of his body" because Runyons negligently parked her car under the area of the roof where he would be working. *Id.* ¶ 20. He also sued Liberty Mutual, the insurer of Runyons's vehicle and home. Giffin alleged that the company wrongfully denied him benefits and misrepresented its policies in violation of Kentucky state law. *Id.* ¶ 39. Giffin requested an unspecified amount of compensatory damages for medical expenses, lost wages, and pain and suffering, as well as punitive damages. A month later, Liberty Mutual removed the case based on diversity jurisdiction and claimed it was "facially apparent" from the Complaint that Giffin's damages exceeded $75,000, R. 1 at 2. The Court ordered the defendants to show cause why this case should not be remanded for lack of jurisdiction. R. 4. The defendant responded, R. 5, but the response does not sufficiently demonstrate that this Court has subject matter jurisdiction.

## DISCUSSION

Liberty Mutual must show by a preponderance of the evidence that Giffin's claims exceed the jurisdictional minimum. If the plaintiff seeks "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant bears the burden of showing that the amount at stake is "more likely than not" to exceed $75,000 in order to remove. *Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (*abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010)).

Defendants need not meet the "daunting burden" of proving the amount in controversy to a "legal certainty." *Gafford*, 997 F.2d at 159. But a defendant must nevertheless produce evidence to meet the preponderance standard. "Simply saying that the amount-in-controversy requirement is met does not make it so." *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959-60 (E.D. Ky. 2009). If the defendant can show it is more likely than not that the plaintiff seeks more than $75,000, and the parties are completely diverse, diversity jurisdiction exists. *See Hayes v. Equitable Energy Resource Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

When the complaint alleges damages greater than $75,000, the defendant's task is simple. But if a state's procedural rules prohibit plaintiffs from specifying the amount of damages in their complaints, a defendant must go beyond the pleadings to meet its burden. Kentucky is one such state. *See* Ky. R. Civ. P. 8.01(2) ("[T]he prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court . . . ."). A defendant's claims of the amount in controversy must be supported by "competent proof," *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), which can include affidavits, documents, or interrogatories to support jurisdiction. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)

Although defendants can use state court discovery to gather evidence of the amount in controversy for up to one year before removing a case, few do. *See* 28 U.S.C. § 1446(b) ("[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."). As a result, courts are frequently

3

asked to judge whether a defendant has met the preponderance standard based on a meager evidentiary record. *See* Alice M. Noble-Allgire, *Removal of Diversity Actions When the Amount in Controversy Cannot be Determined from the Face of Plaintiff's Complaint*, 62 Mo. L. Rev. 681, 729-30 (1997). This case is no exception. Liberty Mutual has shown that in February 2011, Giffin claimed he had $10,000 in unpaid medical bills expenses and $15,000 in lost wages. *See* R. 5-2 at 2-3. That evidence supports an amount in controversy of $25,000, just one-third of the required minimum.

To make up for the difference, Liberty Mutual first claims that Giffin's complaint implies damages in excess of $75,000. In paragraph 41 of the complaint, Giffin demands "compensatory, exemplary, and punitive damages," regardless of "whether such damages are within the applicable limits of the liability identified by both policies or whether such damages exceed the policy limits." R. 1-1. Because Runyons's insurance policy had a $300,000 liability limit, Liberty Mutual argues this paragraph means Giffin "acknowledges the scope of his damages includes, and in fact may exceed, the . . . policy limits." R. 5 at 6. But paragraph 41 says only that Giffin seeks compensatory and punitive damages, regardless of whether those damages are within the limits of the policy (i.e., less than $300,000) or exceed the limits (more than $300,000). If Giffin's damages come to twice the $25,000 he has claimed so far, his total damages would be less than the jurisdictional minimum, yet consistent with paragraph 41. Similarly, the damages could be over $300,000 and still consistent. In short, paragraph 41 tells us little, and that paragraph alone does not satisfy Liberty Mutual's burden to show the amount in controversy by a preponderance of the evidence.

Alternately, Liberty Mutual argues that the nature of Giffin's injuries lead to the "common sense conclusion" that the amount in controversy exceeds $75,000. R. 5 at 7. It is true that the minimum amount in controversy is satisfied if a "fair reading" of the plaintiff's complaint makes it more likely than not that the damages exceed $75,000. *Hayes*, 266 F.3d at 573. In *Hayes*, for example, the plaintiffs claimed royalties and the gross value of oil extracted from four wells over a sixty-year period, plus punitive damages. *See id.* It does not require a leap of imagination to conclude the *Hayes* plaintiffs sought more than $75,000. The value of bodily injuries, on the other hand, is more difficult to ascertain. *See Burgett v. Troy-Bilt LLC*, 2011 WL 4715176, at *2 (E.D. Ky. Oct. 5, 2011). Other courts have found that personal injury cases had facial values of more than $75,000 only when the plaintiffs sustained grievous injuries. *See, e.g.*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding a complaint alleged damages greater than $75,000 when the plaintiff suffered congestive heart failure and six-day hospital stay).

It is true that Giffin has claimed "serious and debilitating injuries," Compl., R. 1-1 at ¶ 21, and that some of these injuries may include harm to his head and neck. *Id.* at ¶ 20. But Giffin describes his "primary injury" as a broken arm. *Id.* at ¶ 19. His past medical expenses and lost wages total $25,000, and his remaining damages—pain and suffering, future medical expenses, and punitive damages—are significantly more abstract. A broken bone is undoubtedly painful, but common sense does not demand the conclusion that Giffin's damages exceed $75,000. On the contrary, this Court must resolve all doubts about federal jurisdiction in favor of remand. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401,

405 (6th Cir. 2007) (citing *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005)).

Liberty Mutual is required to use discovery—in state court—to ascertain the amount in controversy. When the complaint is silent as to the amount the plaintiff seeks, the defendant should engage in discovery on that issue before removing the case. *Minix v. Kawasaki Motors Corp.*, No. 09-90, 2009 WL 2212282, at *3 (E.D. Ky. July 23, 2009); *see also May v. Wal-Mart Stores, Inc.,* 751 F .Supp. 2d 946, 948 (E.D. Ky. 2010); *Hackney v. Thibodeaux,* No. 10-35, 2010 WL 1872875, *2 (E.D. Ky. May 10, 2010); *Wood v. Malin Trucking, Inc.*, 937 F. Supp. 614, 616 (E.D. Ky. 1995). A defendant can also acquire this evidence through pre-removal interrogatories, *King II*, 596 F. Supp. 2d at 960 n.2; *see, e.g.*, *Marcum v. State Farm Mut. Auto. Ins. Co.*, No. 6:07-269, 2007 WL 2461623, at *3 (E.D. Ky. Aug. 22, 2007), or through pre-removal requests for admissions, *King II*, 593 F. Supp. 2d at 960 n.2. Or the defendant could take depositions. Instead, Liberty Mutual incorrectly chose "none of the above."

In short, although Liberty Mutual has produced some evidence of the damages Giffin seeks, it has not shown it more likely than not that the amount in controversy exceeds $75,000. Liberty Mutual correctly points out that the plaintiff has filed next to nothing in this case and very well may be seeking more than $75,000. But Liberty Mutual could have and should have figured this out before removing, as jurisdictional discovery in this Court is impermissible. *See May*, 751 F. Supp. 2d at 950-52. The Court recognizes that remand may only be an interim step until Liberty Mutual takes additional discovery and removes the case

anew. But jurisdictional inquiries—even if ultimately satisfied—are mandatory for this Court of *limited* jurisdiction.

Accordingly, it is **ORDERED** that this case is **REMANDED** to the Martin Circuit Court and shall be **STRICKEN** from this Court's active docket.

This the 21st day of October, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge